# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 10, 2022

LETTER TO COUNSEL:

RE:     *Tina P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
        Civil No. TJS-21-708

Dear Counsel:

On March 20, 2021, Plaintiff Tina P. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Tina P. protectively filed her applications for DIB and SSI on May 10, 2017, alleging a disability onset date of May 25, 2015. Tr. 21. Her applications were denied initially and upon reconsideration. *Id.* Tina P. requested an administrative hearing, and a hearing was held on March 13, 2020, before an Administrative Law Judge ("ALJ"). Tr. 42-70. In a written decision dated May 15, 2020, the ALJ found that Tina P. was not disabled under the Social Security Act. Tr. 18-41. The Appeals Council denied Tina P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 7-12.

The ALJ evaluated Tina P.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Tina P. had not engaged in substantial gainful activity since May 25, 2015, the alleged onset date. Tr. 23-24. At step two, the ALJ found that Tina P. suffered from the following severe impairments: obesity, Sjogren's syndrome, rheumatoid arthritis, status-post Achilles repair, bilateral carpal tunnel syndrome, arthritis over the hands, cervical degenerative disc disease, and L4-5 degenerative disc disease and lumbar spondylosis. Tr. 24-27. At step three, the ALJ found that

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On February 17, 2022, it was reassigned to Judge Hurson. On February 28, 2022, it was reassigned to me.

Tina P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 27-28. The ALJ determined that Tina P. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and walk four hours in a day. The claimant can occasionally operate bilateral hand controls that is not continuous. The claimant [can] occasionally perform bilateral reaching in all directions and occasionally [perform] bilateral fingering. The claimant can never climb ladders, ropes, and scaffolds. She can occasionally perform all balancing, stooping, kneeling, crouching, and crawling. She can occasionally climb ramps and stairs. The claimant can occasionally work around extreme cold and can occasionally work around dusts, odors, fumes, and pulmonary irritants. She is limited to standing and walking four hours in a day.

Tr. 28-29.

At step four, the ALJ determined that Tina P. was unable to perform past relevant work. Tr. 34-35. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Tina P. can perform, including concierge/chaperone, rental clerk, call out operator, and surveillance system monitor. Tr. 35-36. Accordingly, the ALJ found that Tina P. was not disabled under the Social Security Act. Tr. 36.

Tina P. argues that this case must be remanded for further proceedings because (1) the ALJ did not evaluate properly the combination of her impairments; (2) the ALJ did not evaluate properly her hand impairments; (3) the ALJ erred in finding that her condition was managed with conservative treatment; and (4) the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 3-16. For the reasons discussed below, however, these arguments are unavailing.

Tina P. first contends that the ALJ failed to address properly the combination of her impairments. ECF No. 15-1 at 11-14. ALJs need not mention every piece of evidence, however, so long as they build a logical bridge from the evidence to their conclusions. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Moreover, "[t]he Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word." *Id.* And the ALJ concluded that Tina P. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments (Tr. 27-28). "It is thus readily apparent that the Commissioner specifically contemplated the combinatorial effects of [Tina P.'s] various impairments and, in doing so, more than satisfied the statutory requirements . . . ." *Id.* at 866.

Tina P. further argues that the ALJ erred in making no determination of the cumulative effects of all her severe and non-severe impairments. ECF No. 15-1 at 11-12. Indeed, "[w]hen a claimant has several impairments, including non-severe impairments, the administrative law judge must consider their cumulative effect in making a disability determination." *Britt v. Saul*, 860 F.

App'x 256, 261 (4th Cir. 2021). Here, although the ALJ did not specifically address Plaintiff's non-severe impairments in the RFC analysis, "neither [the Fourth Circuit's] caselaw nor the regulations explicitly require this." *Id.* at 262. Rather, an ALJ "is only required to *consider* these non-severe impairments," and the ALJ here did so (Tr. 24-27). *Id.* "And even if specifically addressing these impairments was required, [the Court's] review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe limitations." *Id.* "The discussion in step-two that these limitations had a minimal impact on vocation and were being managed tells [the Court] what impact these limitations had in the residual-functional-capacity analysis." *Id.* Thus, the Court "can conduct a meaningful review without making an administrative law judge repeat [herself]." *Id.* Tina P.'s arguments on these points are thus without merit.

Tina P. next argues that the ALJ failed to evaluate properly her hand impairments and failed to explain the ALJ's finding that she was limited to occasional reaching, fingering, and operating hand controls, with no limitation upon her ability to handle objects. ECF No. 15-1 at 14-15. The ALJ, however, did so. Tr. 33. In any event, "[r]equiring the ALJ to incorporate further limitations would amount to this Court reweighing the evidence. This Court is not empowered to make findings of fact." *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.) (citing 42 U.S.C. § 405(g)). And as the Acting Commissioner points out, any error by the ALJ in considering Tina P.'s ability to handle does not affect the ALJ's consideration at step five of her capacity to perform other work in the national economy (ECF No. 16-1 at 10-11 (citing Tr. 35-36)). *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (error that is inconsequential to ultimate nondisability determination is harmless). Remand on this basis is thus not warranted.

Tina P then contends that the ALJ erred in finding that her "conditions were 'managed with conservative treatment.'" ECF No. 15-1 at 15-16. According to Tina P., "[c]onservative treatment of [her] conditions does not support an inference that [her] conditions were less severe, less painful, or less debilitating." *Id.* at 16. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling," however. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). Further, "it is appropriate for the ALJ to consider the conservative nature of a plaintiff's treatment—among other factors—in judging the credibility of the plaintiff." *Dunn v. Colvin*, 607 F. App'x 264, 273 (4th Cir. 2015). Tina P.'s argument is thus without merit.

Tina P. finally argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 15-1 at 3-9. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to

produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Tina P.'s subjective complaints. The ALJ first found that Tina P.'s medically determinable impairments could reasonably be expected to cause her alleged symptoms. Tr. 29. The ALJ then proceeded to consider Tina P.'s allegations in concert with the other evidence in the record, including Tina P.'s statements about her symptoms over time, the opinion evidence, treatment history, and the objective evidence in the record. Tr. 24-34. In considering the totality of the evidence, the ALJ explained her finding that Tina P.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Tina P.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC.

Tina P. further argues that the ALJ erred in finding that, despite her allegation that she experienced fatigue and pain requiring her to spend most of the day in bed, the record lacked evidence of muscle atrophy (Tr. 32). ECF No. 15-1 at 7-9.

> Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]

*Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Tina P.'s argument is thus unavailing. *See Blacha v. Sec'y of Health & Hum. Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (per curiam) (finding no error in ALJ's finding that claimant was not disabled in part because he suffered no muscle atrophy despite his claims of inactivity due to severe pain).

"Where the ALJ did consider [Tina P.'s] full treatment history, as is clear here, it is not proper on appeal for the Court to reweigh such evidence." *Carollyn S. v. Kijakazi*, Civil Action No. ADC-20-2552, 2021 WL 4170431, at *9 (D. Md. Sept. 14, 2021). "Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [Tina P.'s] alleged symptoms with objective evidence as just one component of the assessment." *Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) (citation omitted). "Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [Tina P.'s] symptoms, this argument is without merit." *Id.*

Substantial evidence supports the ALJ's evaluation of Tina P.'s subjective complaints.

Tina P.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig*, 76 F.3d at 589. The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Tina P.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 16) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

5